Ruben T. Varela
c/o 2249 Camino Del Sol
Fullerton, California 92833
Plaintiff in Pro Per

 **ORIGINAL**

2017 SEP 28 PM 1:03
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

FILED

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

RUBEN T. VARELA,

      Plaintiff,

  vs.

EQUIFAX INFORMATION SERVICES, LLC,

      Defendant.

**SACV 17 - 01695 AG (JCGx)**
Case No.:

**VERIFIED COMPLAINT FOR DAMAGES:**

1. WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET. SEQ.;

**JURY TRIAL DEMANDED**

///

## VERIFIED COMPLAINT

COMES NOW the Plaintiff, Ruben T. Varela (hereinafter the "Plaintiff", "his", or "he"), and for his Complaint against defendant Equifax Information Services, LLC ("Equifax" or "Defendant") hereby alleges:

///

## PRELIMINARY STATEMENT

1.  This is an action for damages brought for willful violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 et seq.

## PARTIES

2.  At all times mentioned herein, Plaintiff was and remains: a native born Californian domiciled in the city of

1 Fullerton, county of Orange, state of California; and a

2 "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

3     3.  At all times mentioned herein, Defendant was and

4 remains: a limited liability company doing business in

5 California. At all times relevant hereto, Defendant was a

6 "credit reporting agency" as defined by the FCRA at 15 U.S.C. §

7 1681(f). Equifax is regularly engaged in the business of

8 assembling, evaluating, and disbursing information concerning

9 consumers for the purpose of furnishing consumer reports to

10 third parties.

11 ///

12 **JURISDICTION**

13     4.  This Court has jurisdiction pursuant to 28 U.S.C. §

14 1331 and 15 U.S.C. § 1681(p).  Venue is proper in this Court

15 under 28 U.S.C. § 1391(b) as the alleged actions and/or

16 omissions by Defendant occurred within this judicial district

17 and division.

18 ///

19 **PRELIMINARY STATEMENT**

20     5.  Defendant is an FCRA-governed "consumer reporting

21 agency" that selectively decides which information to provide to

22 consumers that request the FCRA-governed information in

23 Defendant's possession and which information it will hide from

24 consumers.

25     6.  Defendant intentionally withheld the true source of

26 disputed public record information, which, upon information and

27 belief, Plaintiff alleges is actually one of Defendant's

28 business partners, LexisNexis, a third party vendor that sells

VERIFIED COMPLAINT FOR DAMAGES

1  public record information to Equifax and then, in turn,
2  processes disputes regarding that public record information via
3  the Automated Credit Dispute Verification ("ACDV") system.

4      7.   Beginning in February, 2013, Plaintiff requested on
5  numerous occasions a full copy of his credit file from
6  Defendant.  When Defendant responded to the Plaintiff, in each
7  case it willfully violated the FCRA by intentionally
8  misrepresenting the true source of the public record information
9  contained in the disclosure, thus depriving Plaintiff of
10 valuable congressionally-mandated information.

11     8.   Defendant willfully failed to review and consider all
12 relevant information submitted by Plaintiff with respect to
13 disputed public record information.

14     9.   Defendant willfully failed to notify the original
15 sources of disputed public record information, the Internal
16 Revenue Service ("IRS"), and California Franchise Tax Board
17 ("FTB") within five (5) business days from its receipt of
18 Plaintiff's written dispute.

19     10.  Defendant willfully failed to conduct a timely and
20 reasonable investigation after receiving from Plaintiff a formal
21 written dispute concerning public record information, or
22 otherwise delete the disputed information from Plaintiff's
23 consumer report.

24     11.  Defendant's willful dereliction of its
25 congressionally-mandated duty to consider all relevant
26 information submitted by Plaintiff with respect to disputed
27 public record information, and conduct a reasonable
28 investigation therefore, and notify the original sources of

VERIFIED COMPLAINT FOR DAMAGES

disputed public record information of Plaintiff's dispute, or
otherwise delete the disputed information from Plaintiff's
consumer report – deprived Plaintiff of his civil rights under
the FCRA, and as a proximate result thereof, Plaintiff has
suffered, and continues to suffer actual damages.

12.  As of March, 2017, three of the four disputed public
record items have been confirmed by the IRS to be inaccurate.
///

### FACTUAL ALLEGATIONS
#### DEFENDANT INTENTIONALLY WITHHELD THE
#### TRUE SOURCE OF PUBLIC RECORD INFORMATION

13.  Plaintiff has recently discovered that for several
years, even within the traditional credit files that the
Defendant acknowledges are FCRA-governed, Defendant has obtained
its information about bankruptcies, civil judgments, and tax
liens (i.e., "public record" information) from other private
businesses it calls "vendors".

14.  Based upon information and belief, Plaintiff alleges
that Defendant has not retrieved public records from courthouses
or actual government offices for many years.

15.  During the month of February, 2013, Plaintiff obtained
a complete copy of his consumer report from Defendant.

16. Plaintiff's consumer report, dated February 18, 2013,
included public record information pertaining to three (3)
separate notices of state tax liens ("NSTL") and one (1) notice
of federal tax lien ("NFTL").

17.  The FCRA unambiguously requires consumer reporting
agencies, such as Defendant, to "clearly and accurately disclose
to the consumer" who requests his or her credit file "the

sources" that supplied any "information" to the consumer
reporting agency about that consumer.  15 U.S.C. § 1681g(a)(2).

18.  Nevertheless, from approximately February, 2013
through November, 2016, Plaintiff requested and received from
Defendant a combined total of eleven conventional consumer
reports or investigation reports where on thirty (30) separate
occasions Defendant represented that the source of the federal
or state tax lien information was the office of the "Orange
County Recorder" or "12 Civic Center Plaza, Room 101 and 106,
Santa Ana, CA 92701".

19.  Based upon information and belief, Plaintiff alleges
that in each of the thirty (30) disclosures to Plaintiff,
Defendant did not obtain any federal or state tax lien
information about Plaintiff from the "Orange County Recorder" or
from "12 Civic Center Plaza, Room 101 and 106, Santa Ana, CA
92701".

20.  Based upon information and belief, Plaintiff alleges
that Defendant obtained the federal or state tax lien
information from one of its private vendors, including
LexisNexis, and failed to disclose this to the Plaintiff.

21.  Notwithstanding the FCRA's requirements, Defendant
willfully deprived Plaintiff of this valuable congressionally-
mandated information despite the requirements of the FCRA and
according to its standard practice and procedure, and despite
Defendant's receipt of Plaintiff's formal written disputes of
each NSTL and the NFTL, sent in September, 2015, via United
States Postal Service certified mail, each of which reads in
relevant part:

VERIFIED COMPLAINT FOR DAMAGES

"...during the past 30 days I have received written notification from the party that Equifax identifies as the 'furnisher of information' – the Orange County Recorder's office – that they in fact DO NOT FURNISH OR UPDATE any information to any consumer reporting agency, including Equifax.  Therefore, any reference or identification of them as the *furnisher of information*, by providing their address in my consumer report, or by naming them as the contact party in the investigation report, is both <u>inaccurate</u> and misleading.  Therefore, ***please immediately remove any and all references to the Orange County Recorder's office from my consumer report, or any future reinvestigation report, and provide the name and contact information of the actual furnisher of information for this disputed item.***" (***Emphasis*** added.)

///

**DEFENDANT WILFULLY FAILED TO CONDUCT A REASONABLE INVESTIGATION INTO PLAINTIFF'S DISPUTE OF PUBLIC RECORD INFORMATION, OR OTHERWISE DELETE THE DISPUTED INFORMATION FROM PLAINTIFF'S CONSUMER REPORT**

///

22.   During approximately 2006, the FTB filed a Notice of State Tax Lien ("NSTL") at the office of the Orange County Recorder pertaining to the 2002 tax year ("NSTL-01"), because at that time Plaintiff had not filed an original state tax return for that year.

23.   During approximately 2007, the FTB filed a NSTL at the office of the Orange County Recorder pertaining to the 2003, 2004, and 2005 tax years ("NSTL-02"), because at that time Plaintiff had not filed original state tax returns for those years.

24.   During approximately 2010, the IRS filed the NFTL at the office of the Orange County Recorder pertaining to the 2003, 2004, and 2005 tax years, because at that time Plaintiff had not filed original federal tax returns for those tax years.

VERIFIED COMPLAINT FOR DAMAGES

25. During approximately 2010, the FTB filed a NSTL at the office of the Orange County Recorder pertaining to the 2007 tax year ("NSTL-03"), because at that time Plaintiff had not filed an original state tax return for that year.

26. During the month of August, 2015, Plaintiff filed with the IRS and FTB, respectively, his original federal and state tax returns for the 2002, 2003, 2004, 2005, and 2007 tax years (collectively, hereinafter the "original returns" or "original tax years").

27. Each original return reflects the fact that Plaintiff owes no income tax liability for any original tax year, *ab initio*, thus rendering the NFTL and each NSTL as inaccurate when each original return was filed with the IRS and FTB, respectively, in August, 2015.

28. During the month of September, 2015, Plaintiff sent to Defendant, via certified mail, letters disputing the accuracy of the NFTL and each NSTL, advising Defendant that Plaintiff had filed his original federal and state returns for the tax years subject to the NFTL and each NSTL, and that Plaintiff owed no tax liability for the tax years associated with the NFTL and each NSTL.

29. Notwithstanding Plaintiff's dispute, Defendant willfully failed to review and consider all relevant information submitted by Plaintiff with respect to disputed public record information.

30. Notwithstanding Plaintiff's dispute, Defendant willfully failed to notify the original sources of disputed public record information regarding Plaintiff's dispute, within

VERIFIED COMPLAINT FOR DAMAGES

1    five (5) business days from Defendant's receipt of Plaintiff's

2    dispute.

3         31.  Notwithstanding Plaintiff's dispute, Defendant

4    willfully failed to provide the original source of disputed

5    public record information all relevant information regarding

6    that dispute received by Defendant from Plaintiff.

7         32.  Notwithstanding Plaintiff's dispute, Defendant

8    willfully failed to conduct a timely and reasonable

9    investigation into Plaintiff's dispute of NSTL-01 and NSTL-02,

10   and each of them, or otherwise delete NSTL-01 and NSTL-02 from

11   Plaintiff's consumer report, and continued to report the NSTL-01

12   and NSTL-02 without indicating the true source from which

13   Defendant obtained this public record information, for a period

14   of ten months, and each of them, from October, 2015, through

15   July, 2016.  Defendant further represented that it had

16   "verified" NSTL-01 and NSTL-02.

17        33.  Notwithstanding Plaintiff's dispute, Defendant

18   willfully failed to initiate a timely and reasonable

19   investigation into Plaintiff's dispute of the NFTL, or otherwise

20   delete the NFTL from Plaintiff's consumer report, and continued

21   to report the NFTL without indicating the true source from which

22   Defendant obtained this public record information, for a period

23   of fourteen months, and each of them, from October, 2015,

24   through November, 2016.  Defendant further represented that it

25   had "verified" the NFTL.

26        34.  Notwithstanding Plaintiff's dispute, Defendant

27   willfully failed to initiate a timely and reasonable

28   investigation into Plaintiff's dispute of NSTL-03, or otherwise

VERIFIED COMPLAINT FOR DAMAGES

1   delete the NSTL-03 from Plaintiff's consumer report, and
2   continued to report the NSTL-03 for a period of twenty-four (24)
3   months, and each of them, from October, 2015, through September,
4   2017.  Defendant continues to publish the inaccurate NSTL-03 to
5   Plaintiff's consumer report.  Defendant continues to represent
6   that it has "verified" the NSTL-03.

7       35.  Based upon information and belief, Plaintiff alleges
8   that Defendant was well aware that its intentional failure to
9   notify the original sources of disputed public record
10  information of Plaintiff's formal dispute – the IRS and FTB,
11  effectively discharged the IRS and FTB from any legal obligation
12  to conduct any independent investigation into Plaintiff's
13  legitimate disputes, or review all relevant information provided
14  by Plaintiff to Defendant, or report the results of their
15  investigation back to Defendant, or to modify, delete, or
16  permanently block the reporting of any item of information found
17  to be inaccurate or incomplete, the proximate result of which
18  barred Plaintiff from any private right of action against the
19  IRS and FTB for FCRA reporting violations.  15 U.S.C. § 1681s-
20  2(b).

21      36.  Defendant's intentional disregard of its
22  congressionally-mandated duty to consider all relevant
23  information submitted by Plaintiff with respect to disputed
24  public record information, and conduct a reasonable
25  investigation, and notify the original sources of disputed
26  public record information of Plaintiff's legitimate disputes, or
27  otherwise delete the disputed items from Plaintiff's consumer
28  report, deprived Plaintiff of his civil rights under the FCRA,

VERIFIED COMPLAINT FOR DAMAGES

the proximate result of which, *inter alia*, ensured that inaccurate and damaging public record information remained on Plaintiff's consumer report while Plaintiff was subjected to, and continues to be subject to, *inter alia*, arbitrary actions and omissions by the IRS and FTB, including but not limited to delays in processing, blatant misquotations of law, and due-process violations.

37.   Nevertheless, as of March, 2017, approximately nineteen (19) months after Plaintiff filed the original returns - the IRS confirmed in writing the inaccuracy of the NFTL, NSTL-02, and NSTL-03.  As of this date, the IRS has yet to process the original return for the 2002 tax year (NSTL-01), although it has been in possession of that return for over 2 years.

///

**DEFENDANT'S VIOLATIONS OF THE FCRA WERE KNOWING AND WILLFUL, THEREBY WARRANTING EXEMPLARY PUNATIVE DAMAGES**

///

38.   Defendant is well aware of its obligations under the FCRA, to establish or follow reasonable procedures to assure "maximum possible accuracy" in the preparation of consumer reports and credit files it publishes and maintains.

39.   Defendant knew about its legal obligations under the FCRA, to provide all information in Plaintiff's consumer file upon request.  These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

40.   Defendant knew about its legal obligation to  consider all relevant information submitted by Plaintiff with respect to

VERIFIED COMPLAINT FOR DAMAGES

1   disputed public record information, or otherwise delete the
2   disputed information from Plaintiff's consumer report.

3       41.   Defendant knew about its legal obligation to conduct a
4   reasonable investigation into Plaintiff's formal dispute of
5   public record information, or otherwise delete the disputed
6   information from Plaintiff's consumer report.

7       42.   Defendant knew about its legal obligation to provide
8   the original sources of disputed public record information all
9   relevant information regarding that dispute received by
10  Defendant from Plaintiff, or otherwise delete the disputed
11  information from Plaintiff's consumer report.

12      43.   Plaintiff alleges that Defendant's unlawful conduct,
13  as described herein, constituted knowing and willful violations
14  of the FCRA, or otherwise that Defendant acted, or failed to
15  act, with "reckless disregard" as to Plaintiff's consumer rights
16  and the high probability of injury to Plaintiff as a result –
17  thereby justifying the award of exemplary punitive damages, as a
18  deterrent to Defendant's future commission of such unlawful
19  conduct, as described herein.

20      44.   As a proximate result of Defendant's unlawful actions
21  and omissions, as described herein, Plaintiff has suffered, and
22  continues to suffer actual damages including but not limited to
23  a lower credit rating, denial of credit, loss of opportunities
24  to engage in commerce, loss of employment opportunities, loss of
25  reputation and standing in the community, and Plaintiff has
26  suffered, and continues to suffer injury to Plaintiff's
27  feelings, anxiety, frustration, embarrassment, mental anguish,
28  and emotional distress, and Plaintiff has suffered, and

VERIFIED COMPLAINT FOR DAMAGES

1  continues to suffer from arbitrary actions and omissions by the

2  IRS and FTB, including but not limited to delays in processing,

3  blatant misquotations of law, and due-process violations.

4      45.  On or about May 09, 2017, Plaintiff sent Defendant a

5  Notice & Demand letter, via certified mail, alleging violations

6  of law by Defendant, as described herein, and demanding

7  compensatory monetary damages therefore, as a good faith effort

8  to amicably resolve the foregoing matters without resorting to a

9  civil lawsuit.

10     46.  However, Defendant has ignored Plaintiff's settlement

11  demands and good faith efforts to engage in settlement

12  discussions, thus leaving Plaintiff with no alternative but to

13  petition this honorable Court for redress of grievances.

14  ///

**CAUSE OF ACTION I**
**WILLFUL VIOLATIONS BY DEFENDANT OF THE FCRA,**
**15 U.S.C. § 1681 ET SEQ.**

17     47.  Plaintiff restates and reiterates herein all previous

18  paragraphs.

19     48.  Defendant willfully violated the FCRA.  Defendant's

20  violations include, but are not limited to the following:

21     (a)  Defendant willfully violated the FCRA, 15 U.S.C. §

22  1681i(e)(b), by failing to establish or follow reasonable

23  procures to assure maximum possible accuracy in the preparation

24  of consumer reports and credit files it published and

25  maintained, on thirty (30) separate instances, and each of them,

26  from February, 2013, through November, 2016.

27  Wherefore Plaintiff demands thirty thousand dollars ($30,000) in

28  statutory damages.

VERIFIED COMPLAINT FOR DAMAGES

(b) Defendant willfully violated the FCRA, 15 U.S.C. § 1681i(a)(2)(A), by failing to provide notification of Plaintiff's dispute to the original source of the NFTL information, the IRS, within five (5) business days from the date on which Defendant received Plaintiff's dispute. Wherefore Plaintiff demands one thousand dollars ($1,000) in statutory damages.

(c) Defendant willfully violated the FCRA, 15 U.S.C. § 1681i(a)(2)(A), by failing in three (3) separate instances, and each of them, to provide notification of Plaintiff's dispute to the original source of NSTL-01, NSTL-02, and NSTL-03 information, the FTB, within five (5) business days from the date on which Defendant received Plaintiff's dispute. Wherefore Plaintiff demands three thousand dollars ($3,000) in statutory damages.

(d) Defendant willfully violated the FCRA, 15 U.S.C. § 1681i(a)(2)(B), by failing to provide the original source of disputed public record information, the IRS, all relevant information regarding the NFTL dispute received by Defendant from Plaintiff. Wherefore Plaintiff demands one thousand dollars ($1,000) in statutory damages.

(e) Defendant willfully violated the FCRA, 15 U.S.C. § 1681i(a)(2)(B), by failing, in three (3) separate instances, and each of them, to provide the original source of disputed public record information, the FTB, all relevant information regarding the NSTL-01, NSTL-2, and NSTL-03 disputes received by Defendant from Plaintiff.

VERIFIED COMPLAINT FOR DAMAGES

Wherefore Plaintiff demands three thousand dollars ($3,000) in statutory damages.

(f) Defendant willfully violated the FCRA, 15 U.S.C. § 1681i(a)(4), by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed NFTL.

Wherefore Plaintiff demands one thousand dollars ($1,000) in statutory damages.

(g) Defendant willfully violated the FCRA, 15 U.S.C. § 1681i(a)(4), by failing, in three (3) separate instances, and each of them, to review and consider all relevant information submitted by Plaintiff with respect to the disputed NSTL-01, NSTL-02, and NSTL-03.

Wherefore Plaintiff demands three thousand dollars ($3,000) in statutory damages.

(h)  Defendant willfully violated the FCRA, 15 U.S.C. § 1681i(a)(1)(A), by failing to conduct a reasonable investigation with respect to two (2) separate public record information items disputed by Plaintiff, NSTL-01 and NSTL-02, and each of them, or otherwise delete each disputed item from Plaintiff's consumer report, for ten (10) months, and each of them, from October, 2015, through July, 2016.

Wherefore Plaintiff demands twenty thousand dollars ($20,000) in statutory damages.

(i)  Defendant willfully violated the FCRA, 15 U.S.C. § 1681i(a)(1)(A), by failing to conduct a reasonable investigation with respect to one (1) public record information item disputed by Plaintiff, the NFTL, or otherwise delete the disputed NFTL

VERIFIED COMPLAINT FOR DAMAGES

1  from Plaintiff's consumer report, for fourteen (14) months, and
2  each of them, from October, 2015, through November, 2016.
3  Wherefore Plaintiff demands fourteen thousand dollars ($14,000)
4  in statutory damages.

5      (j)  Defendant willfully violated the FCRA, 15 U.S.C. §
6  1681i(a)(1)(A), by failing to conduct a reasonable investigation
7  with respect to one (1) public record information item disputed
8  by Plaintiff, NSTL-03, or otherwise delete the disputed NSTL-03
9  from Plaintiff's consumer report, for twenty-four months (20)
10 months, and each of them, from October, 2015, through September,
11 2017.
12 Wherefore Plaintiff demands twenty-four thousand dollars
13 ($24,000) in statutory damages.
14 ///

15                    **REQUEST FOR RELIEF**

16     49.  WHEREFORE Defendant has willfully violated the FCRA,
17 Plaintiff hereby requests:

18     (a)  Judgment for damages against Defendant for the greater
19 of statutory damages in the amount of $100,000 or actual
20 damages, and punitive damages in the amount of $5,000,000, as
21 punishment and a deterrent to Defendant's future commission of
22 such unlawful conduct, as described herein, attorneys fees, and
23 costs, pursuant to 15 U.S.C. § 1681n;

24     (e)  Any other relief that the court deems proper.
25 ///
26 ///
27 ///
28 ///

VERIFIED COMPLAINT FOR DAMAGES

1   from Plaintiff's consumer report, for fourteen (14) months, and
2   each of them, from October, 2015, through November, 2016.
3   Wherefore Plaintiff demands fourteen thousand dollars ($14,000)
4   in statutory damages.

5       (j)  Defendant willfully violated the FCRA, 15 U.S.C. §
6   1681i(a)(1)(A), by failing to conduct a reasonable investigation
7   with respect to one (1) public record information item disputed
8   by Plaintiff, NSTL-03, or otherwise delete the disputed NSTL-03
9   from Plaintiff's consumer report, for twenty-four months (20)
10  months, and each of them, from October, 2015, through September,
11  2017.
12  Wherefore Plaintiff demands twenty-four thousand dollars
13  ($24,000) in statutory damages.
14  ///

15                      **REQUEST FOR RELIEF**

16      49.  WHEREFORE Defendant has willfully violated the FCRA,
17  Plaintiff hereby requests:

18      (a)  Judgment for damages against Defendant for the greater
19  of statutory damages in the amount of $100,000 or actual
20  damages, and punitive damages in the amount of $5,000,000, as
21  punishment and a deterrent to Defendant's future commission of
22  such unlawful conduct, as described herein, attorneys fees, and
23  costs, pursuant to 15 U.S.C. § 1681n;

24      (e)  Any other relief that the court deems proper.
25  ///
26  ///
27  ///
28  ///

VERIFIED COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

50.   Plaintiff hereby respectfully demands a jury trial on all the issues raised in this complaint.

Dated: September 28, 2017

By: _____
          Ruben T. Varela
          Plaintiff in Pro Per

///

## VERIFICATION

I am the plaintiff in this action.  I have read the foregoing complaint and it is true of my own first hand knowledge, except as to those matters stated on information or belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the United States of America and the state of California that the foregoing is true and correct.

Executed on September 28, 2017 at the city of Fullerton, county of Orange, California:

///

By: _____

          Ruben T. Varela

///
///
///
///
///
///
///
///

VERIFIED COMPLAINT FOR DAMAGES